# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

Filed: February 21, 2017

No. 15-253V

```
* * * * * * * * * * * * * * * * * * * * * * * *
SCOTT SICILIANO and KATHLEEN          *
SICILIANO, on behalf of E.S.,         *
                                      *        UNPUBLISHED
               Petitioners,           *
v.                                    *        Special Master Gowen
                                      *
SECRETARY OF HEALTH                   *        Attorneys' Fees and Costs
AND HUMAN SERVICES,                   *        Adjustment to Paralegal Rate
                                      *
               Respondent.            *
* * * * * * * * * * * * * * * * * * * * * * * *
```

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for petitioners.
Christine M. Becer, United States Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On March 11, 2015, Scott Siciliano and Kathleen Siciliano ("petitioners") filed a petition on behalf of their minor daughter, E.S., pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012). Petitioners alleged that E.S. developed Kawasaki disease as a result of receiving a Haemophilus Influenzae Type-B ("Hib") vaccination on January 23, 2013. Stipulation at ¶ 2, 4. On August 31, 2016, the undersigned issued a decision awarding compensation to petitioners based on the parties' stipulation. ECF No. 32.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioners have 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, he will delete such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On February 5, 2017, petitioners filed a motion for attorneys' fees and costs.  Petitioners' Motion ("Pet'rs' Mot."), ECF No. 37.  Petitioners request attorneys' fees in the amount of $20,197.28 and attorneys' costs in the amount of $5,867.74, for a total amount of $26,065.02. Petitioners had previously filed their signed statement that they did not incur any fees or costs related to the prosecution of this case, in accordance with General Order #9.  See General Order #9 Statement, filed on August 22, 2016.  ECF No. 30.

On February 17, 2017, respondent filed a response to petitioners' motion.  ECF No. 38. Respondent states he is "satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Id. at 2.  He "respectfully recommends that the Special Master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Id. at 3.

For the reasons discussed below, the undersigned awards petitioners $20,040.31 in attorneys' fees and $5,867.74 in attorneys' costs, for a total award of $25,908.05.

## I.    Reasonable Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  In the present case, petitioners were awarded compensation pursuant to the terms of a joint stipulation.  Therefore, petitioners are entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.  Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Avera, 515 F.3d at 1347–48.  In determining an award of attorneys' fees, a court should generally use the forum rate, i.e., the District of Columbia rate.  Id. at 1348.  However, an exception to the forum rule applies where the bulk of an attorney's work is performed outside of the forum, and where there is a "very significant" difference in compensation rates between the place where the work was performed and the forum.  Id. at 1349 (citing Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The requirement

that attorneys' fees be reasonable also applies to costs.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, at *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992)).  The determination of reasonable attorneys' fees and costs is within the special master's discretion.  Saxton, 3 F.3d at 1520 (Fed. Cir. 1993).  Special masters may rely on their prior experience in reviewing fee applications.  See id., 3 F.3d at 1521 (citing Farrar v. Sec'y of Health & Human Servs., No. 90-1167V, 1992 WL 336502, at *2-3 (Fed. Cl. Spec. Mstr. Nov. 2, 1992)).

### i.   Hourly Rates

Petitioners request the following rates:

|  | 2013 | 2014 | 2015 | 2016 | 2017 |
|---|---|---|---|---|---|
| **Attorneys** | | | | | |
| Mark Sadaka | $337.05 | $350.00 | $350.00 | $362.95 | $376.83 |
| Anna Sweeney | - | $200.00 | $207.40 | $215.07 | $223.03 |
| Andrew Pinon | - | $200.00 | $207.40 | $215.07 | $223.03 |
| **Paralegals** | | | | | |
| Ailona Parker | $130.01 | $135.00 | $135.00 | $140.00 | $145.17 |
| Bria Wilson | $130.01 | $135.00 | $135.00 | $140.00 | $145.17 |
| Keri Congiusti | $130.01 | $135.00 | $135.00 | $140.00 | $145.17 |
| Latashia Vauss | $130.01 | $135.00 | $135.00 | $140.00 | $145.17 |
| Melina Fotiu | $130.01 | $135.00 | $135.00 | $140.00 | $145.17 |
| Nashwa Shalaby | $130.01 | $135.00 | $135.00 | $140.00 | $145.17 |
| Nicole Clauberg | $130.01 | $135.00 | $135.00 | $140.00 | $145.17 |
| Stephanie Keller | $130.01 | $135.00 | $135.00 | $140.00 | $145.17 |

Pet'rs' Mot. at 2; Pet'rs' Mot., Ex. A at 1-14.

The requested rates for Mr. Sadaka, Ms. Sweeney, and Mr. Pinon for work performed from 2013 to 2016 are consistent with McCulloch and with past fee awards to these attorneys. See, e.g., Schmidt v. Sec'y of Health & Human Servs., 11-620V, No. 2017 WL 393332 (Fed. Cl. Spec. Mstr. Jan. 4, 2017); Shell v. Sec'y of Health & Human Servs., 13,692V, 2017 WL 6081829 (Fed. Cl. Spec. Mstr. Sept. 21, 2016).  The requested rates for 2017 reflect a 3.7% increase from the requested rates for 2016, consistent with McCulloch.  The undersigned finds that these rates are reasonable and they need not be adjusted.

After careful consideration, the undersigned finds that it is appropriate to adjust the paralegals' rates.  In McCulloch, he found that it was reasonable to award $135.00 per hour for work performed in 2014 and 2015 by paralegals who were "well-qualified, carefully chosen college graduates" with "several years at the firm doing exclusively vaccine work."  McCulloch at *21.  The decision did not address paralegal certificates.

In this case, petitioners request <u>McCulloch</u> rates for all eight paralegals at Mr. Sadaka's law firm.  Pet'rs' Mot. at 2; Pet'rs' Mot., Ex. A at 1-14.  However, it is not appropriate to uniformly award <u>McCulloch</u> rates, because the paralegals have varying qualifications and experience.  Mr. Sadaka states that seven of the eight paralegals have college degrees.  Pet'rs' Mot. at 5-6.[3]  Seven of the eight have multiple years of experience working as paralegals and/ or legal assistants.  <u>Id</u>.[4]  Four of the eight have obtained paralegal certificates.  The undersigned finds that it is appropriate to award the requested <u>McCulloch</u> rate for each paralegal who has a college degree and several years of experience.

Slightly lower rates are appropriate for Ms. Clauberg, because there is no indication that she has a college degree, and for Ms. Parker, because she has just begun working as a paralegal.  Pet'rs' Mot. at 6.  For these paralegals, the undersigned will award $130.00 per hour for their work in 2014 and 2015.  The 3.7% rate of inflation from <u>McCulloch</u> will be applied to the other years.  This results in a deduction of $156.97 from the fee award.[5]

### ii.    Hours Expended

Petitioners request compensation for 27.4 hours of work performed by Mr. Sadaka; 12.5 hours by Ms. Sweeney; 2.6 hours by Mr. Pinon; and 54.9 hours by the paralegals.  Pet'rs' Mot., Ex. A at 13.  On review of petitioner's billing record, the undersigned finds the number of hours expended reasonable.

---

[3] He does not say whether Ms. Nicole Clauberg has a college degree.  Pet'rs' Mot. at 6.

[4] Ms. Ailona Parker graduated from Ramapo College of New Jersey in June 2016.  She interned at a law firm during college.  However, based on her date of graduation, it appears that she has been working as a paralegal for less than one year.  Pet'rs' Mot. at 6.

[5]

|  | 2013 (Clauberg) | 2014 (Clauberg) | 2015 (Clauberg) | 2016 (Parker) | Total |
|---|---|---|---|---|---|
| **Requested Rate** | $130.01 | $135.00 | $135.00 | $140.00 | N/A |
| **Adjusted Rate** | $125.36 | $130.00 | $130.00 | $134.81 | N/A |
| **Difference** | - $4.65 | - $5.00 | - $5.00 | - $5.19 | N/A |
| **Hours** | 7.9 | 14.4 | 8.3 | 1.3 | |
| **Deduction from Fee Award** | - $36.72 | - $72.00 | - $41.50 | - $6.75 | **- $156.97** |

4

### iii.    Costs

Petitioners request $5,867.74 in attorneys' costs.  Pet'rs' Mot. at 1; Pet'rs' Mot., Ex. 1 at 13-14.  The requested costs are for obtaining an expert report; filing the claim; obtaining medical records; shipping; and photocopies.  Id.  The undersigned finds that the requested attorneys' costs are reasonable.

## II.    Conclusion

Upon review of the documentation submitted in this case, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds that it is reasonable to award $20,040.31 in attorneys' fees and $5,867.74 in attorneys' costs, for a total award of $25,908.05 in attorneys' fees and costs.

**Accordingly, the undersigned awards a lump sum in the amount of $25,908.05, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioners, Scott Siciliano and Kathleen Siciliano, and their counsel, Mark T. Sadaka of Mark T. Sadaka LLC.[6]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[6] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  See generally Beck v. Sec'y of Health & Human Servs., 924 F.2d 1029 (Fed. Cir. 1991).

[7] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice not to seek review.